**SO ORDERED: June 22, 2007.**



_____
**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JEAN C. ROGERS, | ) | Case No. 05-95047-BHL-7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| NATALIA GENTRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. 06-59006 |
| | ) | |
| JEAN C. ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## JUDGMENT

This matter comes before the Court on the **Complaint Objecting to the Dischargeability of Debt**, filed January 20, 2006, and the amended **Complaint**, filed on January 30, 2006, by the Plaintiff, Natalia Gentry (the "Plaintiff"). A trial on the matter was held on October 30, 2006.

A. Background

The Plaintiff alleges that a loan given by her to the Debtor-Defendant, Jean Rogers (the "Defendant"), is a debt that should be excepted from discharge in the Defendant's bankruptcy case pursuant to 11 U.S.C. § 523(a)(2)(A). Specifically, the Plaintiff alleges that she entered into a note (the "Note"; Plaintiff's Exhibit "A") by which she loaned the Defendant $20,000.00. By the terms of that Note, the Defendant was obligated to "issue a check good for 1 year for the sum of $20,000.00 and the following year she is liable to pay another $20,000.00 for an [sic] interest." The Defendant then defaulted, making no other payments under the Note.

B. Standards and Evidentiary Burden

The distinguishing feature of a Chapter 7 bankruptcy proceeding for an individual debtor is the discharge: after surrendering his non-exempt property for the benefit of his creditors, the debtor is discharged from what remains of most of the debts he owed as of the date the bankruptcy petition was filed. Matter of Turner, 156 F.3d 713, 717 (7th Cir.1998) (citing 1 Robert E. Ginsberg & Robert D. Martin, Ginsberg & Martin on Bankruptcy § 12.01, at 12-4 (4th ed. rev.1998)). The primary purpose of the bankruptcy discharge is to give the debtor a "fresh start." In re Chambers, 348 F.3d 650, 653 (7th Cir.2003). The benefits of this fresh start policy, however, are limited to the "honest but unfortunate debtor." Peterson v. Scott ( In re Scott ), 172 F.3d 959, 966-67 (7th Cir.1999) (citing Grogan v. Garner, 498 U.S. 279, 286-87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). The Bankruptcy Code, however, provides for exceptions to discharge when a debtor has been less than honest. But, in keeping with the fresh start goal of bankruptcy, those exceptions are " 'constructed strictly against a creditor and liberally in favor of the debtor.' " Goldberg Sec., Inc. v. Scarlata ( In re Scarlata ), 979 F.2d 521, 524 (7th Cir.1992)

2

(citations omitted); see also In re Juzwiak, 89 F.3d 424, 427 (7th Cir.1996). Additionally, a party seeking to establish an exception to discharge bears the burden of proof by a preponderance of the evidence. Grogan, 498 U.S. at 291.

> Section 523(a)(2) of the bankruptcy code reads as follows:
> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt - (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by - (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2). This section lists three separate grounds for denying the discharge of a debt: false pretenses, false representations, and actual fraud. In the Seventh Circuit, the elements necessary to prove actual fraud are slightly different from those necessary to show false pretenses or false representations. McClellan v. Cantrell, 217 F.3d 890, 894 (7th Cir. 2000).

### 1. False Pretenses or False Representation

In order to except from discharge a debt obtained by false pretenses or a false representation, a plaintiff must establish by a preponderance of the evidence that: (1) the defendant made representations to the plaintiff (2) that he knew to be false (3) with the intent and purpose of deceiving the plaintiff, (4) that the plaintiff justifiably relied on those representations, and (5) that the plaintiff sustained a loss or damage as the proximate consequence of those representations. 4 Collier on Bankruptcy ¶ 523.08[1][e] (15th ed. 2006); see also, Mayer v. Spanel Int'l Ltd. (In re Mayer), 51 F.3d 670, 673 (7th Cir. 1995). Because a plaintiff must establish each of these elements by a preponderance of the evidence to support a finding of a false pretense or false representation, their failure to establish any one of them is determinative of

3

the outcome.

        2. Actual Fraud

The analysis is different when a plaintiff alleges actual fraud. The court in McClellan reasoned that "[because] common law fraud is not always in the form of a misrepresentation, a plaintiff need not allege misrepresentation and reliance thereon to state a claim for actual fraud under § 523(a)(2)(A). [B]y distinguishing between 'a false representation' and 'actual fraud,' [section 523(a)(2)] makes clear that actual fraud is broader than misrepresentation. Collier's treatise, while assuming ... that 'actual fraud' involves a misrepresentation, defines the term much more broadly [than misrepresentation] – as 'any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another....'" McClellan, 217 F.3d at 893.

Accordingly, a plaintiff alleging actual fraud must demonstrate that: "1) a fraud occurred; 2) the debtor was guilty of intent to defraud; and 3) the fraud created the debt that is the subject of the discharge dispute." In re Jairath, 259 B.R.308, 314 (Bankr.N.D.Ill.2001), citing McClellan at 893-94. Again, a plaintiff must establish each of these elements by a preponderance of the evidence. Grogan, 498 U.S. at 291.

C. Discussion

With these distinctions in mind, the court must evaluate whether the evidence and testimony adduced at the trial proved that it is more likely than not that the Defendant's conduct met each of the elements necessary for a finding of false misrepresentation or actual fraud.

The evidence showed the following:

1.      The Plaintiff loaned the Defendant $20,000.00 for the express purpose of using

the money to start a business. According to the terms of the Note, the principal was to be repaid by the Defendant within two years along with $20,000.00 in interest.

2.  The parties attempted to create a lien in favor of the Plaintiff on a vehicle belonging to the Defendant's business partner's brother, a 1984 International truck. The title, however, was not presented to the state authorities and consequently no lien was recorded.

3.  The Defendant tendered to the Plaintiff twenty-four (24) post-dated checks, each in the amount of $1,500.00. The Plaintiff understood that there were not sufficient funds in the Defendant's bank account to cover the checks.

4.  Upon receipt of the $20,000.00 loan, the Defendant deposited the money into her bank account, then withdrew it, giving $17,000.00 to her business partner, Luke Smith, for the purpose of purchasing a vehicle to be used in the contemplated business. The balance of $3,000.00 was paid to the Plaintiff in partial payment of the balance under the Note.

5.  After purchasing a vehicle to be used in the new business, Luke Smith, without the Defendant's permission or knowledge, sold or transferred the vehicle to his brother, Joe Smith, who in turn sold the vehicle to a person in Illinois. The Defendant testified that she is suing Luke Smith for the proceeds of the sale.

6.  Without the vehicle necessary to carry out the contemplated business, and without the cash from the conversion of the vehicle by Luke Smith, the Defendant was unable to make, and did not make, any other payments on account of the debt under the Note to the Plaintiff.

### D. Conclusion

In light of these facts, the Court cannot find that the Defendant had the requisite intent to deceive or defraud the Plaintiff at the time she incurred the debt in question. In the absence of a

showing of such intent by a preponderance of the evidence, the Court must find for the Defendant under the applicable law outlined above.

Accordingly, the Court hereby enters **JUDGMENT** in favor of the Defendant and against the Plaintiff.

### 

Distribution:
Defendant's Counsel
Plaintiff's Counsel
Chapter 7 Trustee